UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

REGINALD L. ROBINSON

    Plaintiff,

V.                                                  CIVIL ACTION NO

DAVID C. GARDNER

Defendant.                                      JANUARY 14, 2008

## COMPLAINT

    1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

    2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

    3. Plaintiff is a natural person who resides in Rockville, MD.

    4. Plaintiff is a consumer within the FDCPA.

    5. Defendant is a debt collector within the FDCPA.

    6. Defendant communicated with plaintiff or others on or after one year before the date of this action, in connection with collection efforts with regard to plaintiff's disputed personal debt to Prophecy Homeowners Association.

7.  The defendant failed to properly advise the plaintiff of the validation of rights pursuant to 15 U.S.C. 1692g.

8.  The defendant has misstated the validation of debts clause and mislead the plaintiff.

9.  The defendant's initial demand letter advised the plaintiff he had 30 days in which to come current on his defaulted debt to Prophecy Homeowners Association.

10.  The defendant failed to advise the plaintiff, in the initial demand letter, that he had any federal rights as required by pursuant to 1692g.

11.  The defendant attached, to the initial demand letter, on a separate piece of paper, along with other documents, which included, an itemization of the bill, a notice captioned "Notice in accordance with 15 U.S.C. section 1692G"

12.  The defendant added language not required by 1692g, to this notice described in paragraph no. 11., which states "the Federal Trade Commission has stated that the FDCPA does not preclude institution of a legal action prior to the expiration of the aforementioned 30 days period.  Legal action may be instituted forthwith in the absence of payment or satisfactory payment arraignments."

13.  The defendant used false or misleading statements in the initial demand letter stating the plaintiff had 30 days to pay the entire debt within 30days of this

letter, when he added language in paragraph no. 12, which would confuse the least sophisticated consumer.

14.  The plaintiff sent a request for validation to the defendant and he failed to validate this disputed debt yet took affirmative actions to continue to collect this debt without sending the plaintiff a validation notice in violation of 1692g (b).

15.  In the collection efforts, the defendant violated the FDCPA, inter alia, section 1692e, –f and –g.

SECOND COUNT

16. The allegations of the First Count are repeated and realleged as if fully set forth herein.

Within three years prior to the date of this action Defendant has engaged in acts and practices as to plaintiff in violation of the Md. Ann. Code Commercial Law Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA").

17. Defendant has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code Commercial Law Consumer Practices Act § 13-301 et seq.

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law both compensatory and punitive, including $1,000 statutory damages for each communication against the defendant;

2. Award the plaintiff costs of suit and a reasonable attorney's fee;

3. Award declaratory and injunctive relief, and such other and further relief as law or equity may provide

` THE PLAINTIFF

BY_____
Bernard T. Kennedy
207 Miles River Court
Odenton, MD 21113
Ph  (410) 305-4000
Fax (410) 305-4005
Fed. Bar # Md26843
bernardtkennedy@yahoo